UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

BRADFORD BAKER, ET AL

2:08-cv-1790

**VS**

JUDGE WALTER
MAGISTRATE JUDGE KAY

GEORGIA GULF LAKE CHARLES, L L C

| | | | |
|---|---|---|---|
| **MAGISTRATE JUDGE:** | KATHLEEN KAY | **DATE:** | March 17, 2009 |
| **DEPUTY CLERK:** | Tina Benoit | **COURT REPORTER:** | Martha Frye |
| **COUNSEL FOR PLTF.(S):** | Kenneth Jay DeLouche  John M DiGiglia  Anthony J Hebert | **COUNSEL FOR DEFT.(S):** | Luis A Leitzelar  F Charles Marionneaux |
| **COURT START TIME:** | 1:37 PM | **COURT END TIME:** | 2:56 PM |
| **STATISTICAL TIME:**  /19 Min. | | | |

MINUTES OF COURT
ORAL ARGUMENT

A hearing was set this date for oral argument on (Doc. 7) Motion to Remand.

The Motion was DENIED by the Court for the following reasons:

Plaintiffs suggest in their Motions to Remand that they have successfully alleged in Paragraph 23 of their complaints that damages sustained by them do not exceed the amount in controversy requisite of 28 U.S.C. § 1332 and that they have established with legal certainty that recovery will not meet or exceed the jurisdictional amount as their original complaints are accompanied by affidavits that include stipulations that damages do not exceed $74,500, that they do not seek to recover damages exceeding that amount, and that they waive, renounce, and forgo any portion of any judgment that may be rendered in his or her favor against defendant for damages exceeding $74,500. Defendant suggests, however, that in each case several of the petitioners are minors whose verifications and stipulations were executed by persons acting on their behalf without court authority and are therefore not binding. Defendant further maintains that it is facially apparent from the complaint that the amount in controversy exceeds $75,000 at the time of removal and that therefore removal was proper.

After consideration of the argument of the parties, the court finds that the well pleaded allegations of paragraph 22 of the plaintiffs' complaints allege damages which, if proven, would exceed the

$75,000 jurisdictional amount. While is it true that paragraph 23 of the plaintiffs' complaint does allege that "the total damages sustained and sought to be recovered by each Petitioner in this Petition for Damages do not exceed $74,500.00," and while it is also true that this allegation is presumptively correct, this presumption can and has been rebutted by a preponderance of the evidence that the jurisdictional amount will likely be met because it is facially apparent from plaintiffs' complaint that damages alleged to have been sustained meet or exceed or exceed $75,000. *In re: 1994 Exxon Chemical Fire*, ____ F.3d _____, 2009 WL 252018 *7 (5th Cir. 2/4/2009); *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636 (5th Cir. 2003).

The damages alleged to have been sustained by these plaintiffs are exceedingly similar to the allegations of the complaints in *Richard v. Georgia Gulf Lake Charles, LLC*, 2007 WL 2319804. In *Richard, id* at *8, this court concluded after reviewing the allegations of damages there that it was "facially apparent that more than $75,000 is in controversy." Damages alleged in both this case and *Richard* are similar to the damages alleged by plaintiffs in *In re: 1994 Exxon Chemical Fire, supra,* which also found that defendant met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional amount.

In addressing the position of plaintiffs that they have established with legal certainty that recovery will not meet or exceed the jurisdictional amount through the stipulations attached to their original complaint, this court finds those affidavits and stipulations filed on behalf of the minor petitioners are absolute nullities, having no binding effect on the litigants. These stipulations were signed by individuals purporting to represent the minors without requisite court approval. See La. C.C. art. 3963 (a renunciation of rights must be entered into by parties having capacity and, according to Revision Comment (b) to that article a tutor of a minor must obtain court approval as required by law to enter into such an agreement); La. C.C.P. art. 4265 (a tutor may modify the terms of an obligation owed to a minor with approval of the court).

Since it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, the post-removal affidavits of the plaintiffs attached to their Motion to Remand have not been considered. See *St. Paul Mercury Indem. V. Red Cab Co.*, 58 S.Ct. 586 (1938); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).